RIVERA, PLAINTIFF AND APPELLANT, *v.* RIVERA ET AL.,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Humacao in an Action for Performance of Contract and Damages.

No. 2648—Decided June 23, 1922.

PURCHASE AND SALE—UNRECORDED PROPERTY—DAMAGES—WARRANTY.—It not appearing that the grantor agreed to record the property which he sold by a deed wherein it was stated that the property was not recorded; the grantee has no action to compel him to record his title or to recover damages in the event of his failure to do so, although he may have warranted the title.

The facts are stated in the opinion.

*Mr. F. González* for the appellant.

*Mr. C. Travecier* for the appellees.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Juan Rivera Flecha brought an action against Teodoro Rivera and his wife, Guadalupe Ruiz, to compel them to record in the registry in their names within thirty days a certain property which they had sold to the plaintiff, and to pay him $300 as damages. The defendants answered and the court rendered judgment in their favor. The plaintiff appealed to this court.

It appears form the evidence that in fact the defendants sold to the plaintiff the property in question, but it also appears that in the deed of conveyance it was stated that the property was not recorded in the registry of property. It was not stated in the deed that the vendors agreed to record their title. The plaintiff showed no agreement made as to that matter apart from the deed. The appellant admits these facts, but maintains that the grantor is bound to deliver the thing sold to the grantee and that when the thing is real property, as in this case, it is not understood to have been delivered until it is recorded in the registry.

The appellant cites the commentaries of Ascárate and Manresa on the matter of the delivery of the thing sold. See Manresa's Commentaries, volume 10, pages 125 *et seq.* In our opinion these commentaries have not the comprehension attributed to them by the appellant. The registry is, indeed, very important. It tends to guarantee, and does guarantee in almost all cases, the conveyances of property. But this does not mean that a contract for the purchase and sale of a property which is not recorded may not be considered perfect when it shows the consent of the parties, a definite subject matter of the contract and a consideration for the obligation; nor that the property sold is not considered as having been delivered when the contract is entered into a public deed. To hold the contrary would be to render ineffective sections

1128 and 1365 of the Civil Code. See by analogy the case of *González et al.* v. *González, ante*, page 765. The grantee knew that the property which he was purchasing was not recorded. In many instances this fact affects the amount of the price. It is not the same to purchase a property with a perfect title as it is to purchase a property whose chain of title is not clear in the registry. And it is not rare to observe in deeds of purchase and sale of real property that the grantor expressly agrees to clear the chain of title until his title is recorded in the registry.

It is true that the grantors agreed in the deed to warrant the title, but that does not mean that they are obliged to record their title after the property is sold without having agreed to do so. A person may be the absolute owner of an unrecorded real property and as such owner may dispose of it by selling it under the same conditions, thereby conveying to the grantee the right of the grantor without the necessity of recording the conveyance in the registry.

By virtue of all of the foregoing the appeal must be dismissed and the judgment appealed from

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.